**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**Waco Division**

| | | |
|---|---|---|
| QUICK FITTING HOLDING COMPANY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:21-cv-320 |
| | ) | |
| ESSEN TECH CO., LTD. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | PATENT CASE |

## COMPLAINT

Plaintiff Quick Fitting Holding Company, LLC, by and through undersigned counsel, for its Complaint against Defendant Essen Tech Co., Ltd. ("Defendant" or "Essen Tech"), alleges as follows below.

## INTRODUCTION

1.      Quick Fitting Holding Company, LLC ("Quick Fitting"), successor in interest to Quick Fitting, Inc., is a U.S. company that offers a full range of high-quality push to connect fittings, valves, supply lines, controls and custom developed solutions that are quick and easy to use. As part of its business, Quick Fitting designs, develops, and manufactures custom push-fit OEM products and private label branding solutions. The majority of Quick Fitting's products are currently designed, developed, tested, packaged, and shipped from its World Headquarters in Warwick, Rhode Island. Along with its high-quality products, Quick Fitting has been an innovator in the industry, developing more push-to-connect patents than any other company in its market, including 54 U.S. Patents, and dozens of foreign and domestic patents pending.

## NATURE OF THE ACTION

2.      This is an action for infringement of United States Patent Nos. 8,480,134; 9,322,496; and 10,180,202 (the "Asserted Patents") under the Patent Act, 35 U.S.C. § 101 *et seq.*, based on Essen Tech's unauthorized importation, offer for sale, and sale of certain push-connect pipe fittings that infringe one or more claims of each of the Asserted Patents owned by Quick Fitting that are imported and sold to various distributors and/or resellers in the United States, including this District.

## THE PARTIES

3.      Plaintiff Quick Fitting is a limited liability company organized and existing under the laws of the State of Delaware with a place of business at 30 Plan Way, Warwick, Rhode Island 02886.  Quick Fitting owns all rights in and to the Asserted Patents. Quick Fitting sells products throughout the U.S., including in Texas.

4.      Upon information and belief, Defendant Essen Tech Co., Ltd. ("Essen Tech") is a Korean company with a place of business located at 15 Jayumuyeok 2-gil, Gunsan, Jeonbuk, 54001, Republic of Korea.

5.      Essen Tech regularly conducts business in Texas, including the shipment of infringing goods into the ports in Texas, and regular sales to and one or more contracts with at least one distributor or reseller in Texas, RectorSeal, LLC, a Texas limited liability company.

## JURISDICTION

6.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

7.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

8.     Quick Fitting conducts business and sells its products in Texas, including in the Western District of Texas.

9.     Essen Tech is regularly engaged in business in Texas, including shipping infringing products directly or indirectly into the Port of Houston that are then sold in Texas, including in this District and having sold and/or participated in the sale of infringing products to distributors and/or resellers in Texas, including in this District.

10.     This Court has personal jurisdiction over Essen Tech because Essen Tech has established minimum contacts with the forum such that the exercise of personal jurisdiction over Essen Tech will not offend traditional notions of fair play and substantial justice.

11.     This Court has personal jurisdiction over Essen Tech because Essen Tech has knowingly and actively engaged in acts that have infringed and will infringe and/or contribute, induce, aid, and/or abet the direct infringement of claims of U.S. Patent Nos. 8,480,134; 9,322,496; and 10,180,202, including in Texas and within this District.

12.     Essen Tech, as an entity foreign to the United States, is subject to venue in any District. *See In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018). Notwithstanding this rule, venue is also proper in this District pursuant to, at least, 28 U.S.C. §§ 1391(b) & 1391(c), because Essen Tech has committed acts of infringement in this District.

## FACTUAL BACKGROUND

13.     Established in 2004, Quick Fitting is the industry's first supplier of repairable quick connection fittings for industrial, municipal, OEM, and plumbing markets. Quick Fitting's diverse products and long-standing relationships with Asian, European and American engineering and manufacturing groups, as well as its own engineering and testing resources,

enable Quick Fitting to provide its customers with the most innovative connection technologies available.

14.     Quick Fitting's founders have extensive experience in the industries they serve and are constantly striving to provide innovative new products, services, and systems to the plumbing, heating, electrical, wire and cable, and cooling industries. Quick Fitting's full offering of connection technology solutions are available through the industry's distributors in North and South America.

15.     Among Quick Fitting's many product offerings are its Push to Connect Plumbing Solutions, which include its CopperHead®, ProBite®, COPRO Pure®, and Locjaw® fittings, among others (collectively, the "Quick Fitting Products").

16.     To protect its valuable investment in its intellectual property, Quick Fitting sought patent protection for its Quick Fitting Products.

17.     The Quick Fitting Products each embody and practice claims of the Asserted Patents.

18.     The Quick Fitting Products are designed, manufactured and sold by Quick Fitting with packaging, literature and communications marked with indications of Quick Fitting's various applicable patents, and/or references to the patent protection, which include one or more of the Asserted Patents at issue in this case.

### THE '202 PATENT

19.     United States Patent Number 10,180,202 ("the '202 Patent), titled "Push-to-Connect Fitting with Release Assistance Assembly and Device," was duly and legally issued by the United States Patent and Trademark Office to Quick Fitting, Inc. on January 15, 2019, and

names David B. Crompton and Libardo Ochoa Dias as inventors. The entirety of the '202 Patent is incorporated here by reference.

20.     Quick Fitting is the owner by assignment of the entire right, title, and interest in the '202 Patent, including the right to sue for and collect past damages. Quick Fitting, Inc. assigned the '202 Patent to Plaintiff on December 17, 2020, and such assignment was recorded at Reel/Frame 054695/0910 on December 18, 2020.

21.     The '202 Patent is directed to, among other things, a push-to-connect fitting release assistance assembly and device that allows for simplified manual operation of a push-to-connect fitting through a clip device capable of manual fit around a fitting adapted for such use.

22.     The '202 Patent is valid and enforceable.

## THE '496 PATENT

23.     United States Patent Number 9,322,496 ("the '496 Patent), titled "Push-to-Connect Fitting with Release Assistance Assembly and Device," was duly and legally issued by the United States Patent and Trademark Office to Quick Fitting, Inc. on April 26, 2016, and names David B. Crompton and Libardo Ochoa Dias as inventors. The entirety of the '496 Patent is incorporated here by reference.

24.     Quick Fitting is the owner by assignment of the entire right, title, and interest in the '496 Patent, including the right to sue for and collect past damages. Quick Fitting, Inc. assigned the '496 Patent to Plaintiff on December 17, 2020 and such assignment was recorded at Reel/Frame 054695/0910 on December 18, 2020.

25.     The '496 Patent is directed to, among other things, a push-to-connect fitting release assistance assembly and device that allows for simplified manual operation of a push-to-connect fitting through a clip device capable of manual fit around a fitting adapted for such use.

26.     The '496 Patent is valid and enforceable.

## THE '134 PATENT

27.     United States Patent Number 8,480,134 ("the '134 Patent), titled "Piping Joint Assembly System and Method with Sealing Ring Stabilizer," was duly and legally issued by the United States Patent and Trademark Office on July 9, 2013, and names David B. Crompton and Libardo Ochoa Dias as the inventors. The entirety of the '134 Patent is incorporated here by reference.

28.     Quick Fitting is the owner by assignment of the entire right, title, and interest in the '134 Patent, including the right to sue for and collect past damages. The inventors assigned their entire right, title and interest in the '134 Patent to Quick Fitting, Inc. on June 5, 2012. Quick Fitting, Inc. assigned the '134 Patent to Plaintiff on December 17, 2020 and such assignment was recorded at Reel/Frame 054695/0910 on December 18, 2020.

29.     The '134 Patent is directed to, among other things, a pipe fitting and associated piping joint assembly package and method to allow re-use and repair of push-fit, formed piping elements without damage to the fitting or valve elements or the pipe, and without coining, gluing, or threaded engagement of the parts.

30.     The '134 Patent is valid and enforceable.

## ESSEN TECH'S INFRINGING ACTIVITIES AND PRODUCTS

31.     Essen Tech manufactures and imports various pipe fitting products, including "push-to-connect" fittings for connecting pipes. One example of such "push-to-connect" fittings is the "PRO-Fit Quick Connect" line of fittings imported into the United States by Essen Tech and offered to U.S. consumers by Essen Tech's distributor/reseller RectorSeal, including sales to consumers within the Western District of Texas.

32.     Another example of its infringing products is the ZoomLock® PUSH line of fittings imported into the United States by Essen Tech and offered to U.S. consumers by Essen Tech's distributor/reseller Parker Hannifin Corporation ("Parker Hannifin"), including sales to consumers within the Western District of Texas.

33.     Another example of its infringing products is the "SB1" line of push-connect fittings imported into the United States by Essen Tech and sold by, at least, United Refrigeration, Inc. ("URI"), including in the Western District of Texas.

34.     Essen Tech manufacturers these and similar pipe fitting products (collectively, the "Accused Products") in South Korea, and imports them into the United States where U.S. distributors/resellers (*e.g.*, RectorSeal, Parker Hannifin, URI, and others) then sell them through dealers or directly to end-customers.

35.     Each of the Accused Products directly or indirectly infringe one or more claims of each of the Asserted Patents.

36.     Upon information and belief, Essen Tech has been and is inducing infringement of the Asserted Patents by actively and knowingly inducing others to use, sell, offer for sale, or import one or more of the Accused Products that embody or use the inventions claimed in the Asserted Patents.

37.     At all relevant times, Essen Tech had actual and/or constructive knowledge of the Asserted Patents.

38.     Essen Tech induced, at least, its various distributors/retailers to import and/or sell the Accused Products knowing that such importation and/or sale directly infringed the Asserted Patents.

39.     Essen Tech has known of the existence of the Asserted Patents, and its acts of infringement have been willful and in disregard for the Asserted Patents, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

40.     Essen Tech has had constructive notice of the Asserted Patents by virtue of patent markings in compliance with 35 U.S.C. § 287 on the Quick Fitting Products.

41.     On January 18, 2021, Quick Fitting wrote to Essen Tech advising it of the infringement and inviting a discussion regarding a potential license and settlement.

42.     On January 25, 2021, Essen Tech's Director of Business, James Moon, responded and requested additional information Essen Tech purportedly needed to analyze the matter.  On January 26, 2021, Quick Fitting responded and identified several applicable Quick Fitting patents, including the Asserted Patents and also identified the infringing products.  On January 28, 2021 Essen Tech responded professing again to not understand the infringement allegation but refusing to meet.  Quick Fitting responded and again invited a meeting.  Essen Tech did not respond to that communication.

43.     Essen Tech has had actual knowledge of the Asserted Patents since at least January 26, 2021, when Quick Fitting identified the Asserted Patents in a communication to Essen Tech's Director of Business, James Moon.  Upon information and belief, Essen Tech has had actual knowledge of the Asserted Patents on or before they began manufacturing infringing products for import and sale into the United States.

## COUNT I: INFRINGEMENT OF THE '202 PATENT

44.     Quick Fitting repeats and realleges paragraphs 1 through 43 hereof, as if fully set forth herein.

45.     Essen Tech has been and is infringing the '202 Patent, literally or under the Doctrine of Equivalents, by selling or offering for sale in the United States, or importing into the United States, including within this judicial District, the Accused Products, in violation of 35 U.S.C. § 271(a).

46.     At all relevant times, Essen Tech had actual and/or constructive knowledge of the '202 Patent.

47.     As illustrated in the cut-away photograph of one of Essen Tech's Accused Products below, Essen Tech's Accused Products infringe at least claim 1 of the '202 Patent. Claim 1 is directed to:

> A fitting, comprising a main body component comprising an interior wall and an exterior wall, wherein the interior wall defines a cavity extending axially through the main body component, wherein the main body component further comprises a first segment having an axially inner portion, an axially intermediate portion and an axially outer portion, with the axially inner portion, axially intermediate portion and axially outer portion being integrally formed and each having a respective interior wall, exterior wall and an interior radius, wherein the interior radius of the axially inner portion is smaller than the interior radius of the axially intermediate portion, and wherein the interior radius of the axially intermediate portion is smaller than the interior radius of the axially outer portion, wherein the axially intermediate portion comprises a radial step extending radially inwardly such that the axially intermediate portion comprises a first interior wall portion and a second interior wall portion separated by the radial step, wherein the first interior wall portion and the second interior wall portion have a respective interior radius, and wherein the second interior wall portion radius is larger than the first interior wall portion radius;
>
> at least one sealing ring maintained within the first interior wall portion of the axially intermediate portion of the main body component;
>
> a tube support member maintained within the interior wall of the axially outer portion of the main body component and the second interior wall portion of the axially intermediate portion of the main body component, wherein the tube support member has an interior surface;
>
> a fastening ring maintained within the second interior wall portion of the axially intermediate portion of the main body component; and
>
> a sealing ring support member maintained against the second interior wall portion and between the at least one sealing ring and the fastening ring.

48.     The Accused Products each constitute a fitting that includes a main body component that includes an interior wall and an exterior wall. The interior wall defines a cavity extending axially through the main body component.



49.     The main body component also includes a first segment having an axially inner portion, an axially intermediate portion and an axially outer portion that are integrally formed and each include a respective interior wall, exterior wall, and an interior radius.



50.    The interior radius of the axially inner portion is smaller than the interior radius of the axially intermediate portion.

51.    The interior radius of the axially intermediate portion is smaller than the interior radius of the axially outer portion.

52.    The axially intermediate portion also includes a radial step extending radially inwardly such that the axially intermediate portion includes a first interior wall portion and a second interior wall portion separated by the radial step. The first interior wall portion and the second interior wall portion have a respective interior radius. The second interior wall portion radius is larger than the first interior wall portion radius.



53.    The Accused Product fittings also include at least one sealing ring maintained within the first interior wall portion of the axially intermediate portion of the main body component.

54.    The Accused Product fittings also include a tube support member maintained within the interior wall of the axially outer portion of the main body component and the second interior wall portion of the axially intermediate portion of the main body component. The tube support member also includes an interior surface.

55.    The Accused Product fittings also include a fastening ring maintained within the second interior wall portion of the axially intermediate portion of the main body component.

56.     The Accused Product fittings also include a sealing ring support member that is maintained against the second interior wall portion and between the at least one sealing ring and the fastening ring.



57.     The Accused Products also infringe additional claims of the '202 Patent.

58.     Upon information and belief, Essen Tech has been and is inducing infringement of the '202 Patent by actively and knowingly inducing others to sell, offer for sale, or import into the United States the Accused Products, which embody or use the invention claimed in the '202 Patent, in violation of 35 U.S.C. § 271(b).  More specifically, Essen Tech actively encouraged the infringement by at least its distributors RectorSeal and Parker Hannifin, knowing that the acts they induced constituted patent infringement, and Essen Tech's acts actually resulted in direct patent infringement.

59.     Essen Tech's infringement has been, and continues to be knowing, intentional, and willful.

60.     Essen Tech's acts of infringement of the '202 Patent have caused and will continue to cause Quick Fitting damages for which Quick Fitting is entitled to compensation pursuant to 35 U.S.C. § 284.

61.     Essen Tech's acts of infringement of the '202 Patent have caused and will continue to cause Quick Fitting immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Quick Fitting has no adequate remedy at law.

62.     This case is exceptional and, therefore, Quick Fitting is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

## COUNT II: INFRINGEMENT OF THE '496 PATENT

63.     Quick Fitting repeats and realleges paragraphs 1 through 62 hereof, as if fully set forth herein.

64.     Essen Tech has been and is infringing the '496 Patent, literally or under the Doctrine of Equivalents, by selling, or offering for sale in the United States, and/or importing into the United States, including within this judicial District, the Accused Products, in violation of 35 U.S.C. § 271(a).

65.     At all relevant times, Essen Tech had actual and/or constructive knowledge of the '496 Patent.

66.     As illustrated with reference to the cut-away photographs below of one representative example of Essen Tech's Accused Products, a 5/8" brass push-to-connect fitting manufactured by imported into the United States by Essen Tech, Essen Tech's Accused Products infringe at least claim 21 of the '496 Patent. Claim 21 is directed to:

> A fitting, comprising: a main body component having an interior wall and an exterior wall, wherein the interior wall defines a cavity extending axially through

the main body component, wherein the main body component includes a first segment having an axially inner portion, an axially intermediate portion and an axially outer portion, with the axially inner portion, axially intermediate portion and axially outer portion being integrally formed and each having a respective interior wall, exterior wall, an interior radius and an exterior radius, wherein the exterior radius of the axially intermediate portion is larger than the exterior radius of the axially inner portion, wherein the exterior radius of the axially outer portion is larger than the exterior radius of the axially inner portion and the exterior radius of the axially intermediate portion, wherein the interior radius of the axially inner portion is smaller than the interior radius of the axially intermediate portion, and wherein the interior radius of the axially intermediate portion is smaller than the interior radius of the axially outer portion, wherein the axially intermediate portion includes a radial step extending radially inwardly such that the axially intermediate portion includes a first interior wall portion and a second interior wall portion separated by the radial step, and

further including at least one sealing ring maintained within the first interior wall portion of the axially intermediate portion of the main body component, a tube support member having a radially interior surface, wherein the tube support member is maintained within the interior wall of the axially outer portion of the main body component and the second interior wall portion of the axially intermediate portion of the main body component, a fastening ring maintained within the second interior wall portion of the axially intermediate portion of the main body component, and a release pusher slidably maintained against the interior surface of the tube support member.

67.     The Accused Products each constitute a fitting that includes a main body component having an interior wall and an exterior wall. The interior wall defines a cavity extending axially through the main body component.



68.    The main body component of the Accused Products also includes a first segment having an axially inner portion, an axially intermediate portion and an axially outer portion, with the axially inner portion, axially intermediate portion and axially outer portion being integrally formed, and each having a respective interior wall (identified above), exterior wall (identified above), an interior radius and an exterior radius.



69.     The exterior radius of the axially intermediate portion is larger than the exterior radius of the axially inner portion.

70.     The exterior radius of the axially outer portion is larger than the exterior radius of the axially inner portion and the exterior radius of the axially intermediate portion.

71.     The interior radius of the axially inner portion is smaller than the interior radius of the axially intermediate portion.

72.     The interior radius of the axially intermediate portion is smaller than the interior radius of the axially outer portion.

73.     As illustrated below, the axially intermediate portion also includes a radial step extending radially inwardly such that the axially intermediate portion includes a first interior wall portion and a second interior wall portion separated by the radial step.



74.     The fitting also includes at least one sealing ring maintained within the first interior wall portion of the axially intermediate portion of the main body component. The fitting also includes a tube support member having a radially interior surface. The tube support member is maintained within the interior wall of the axially outer portion of the main body component and the second interior wall portion of the axially intermediate portion of the main body component. The fitting also includes a fastening ring maintained within the second interior wall portion of the axially intermediate portion of the main body component. The fitting also includes a release pusher slidably maintained against the interior surface of the tube support member.



75.    The Accused Products also infringe additional claims of the '496 Patent.

76.    Upon information and belief, Essen Tech has been and is inducing infringement of the '496 Patent by actively and knowingly inducing others sell, offer for sale, or import the Accused Products, in violation of 35 U.S.C. § 271(b).  More specifically, Essen Tech actively encouraged the infringement by at least its distributors RectorSeal and Parker Hannifin, knowing that the acts they induced constituted patent infringement, and Essen Tech's acts actually resulted in direct patent infringement.

77.    Essen Tech's infringement has been, and continues to be knowing, intentional, and willful.

78.    Essen Tech's acts of infringement of the '496 Patent have caused and will continue to cause Quick Fitting damages for which Quick Fitting is entitled to compensation pursuant to 35 U.S.C. § 284.

79.     Essen Tech's acts of infringement of the '496 Patent have caused and will continue to cause Quick Fitting immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Quick Fitting has no adequate remedy at law.

80.     This case is exceptional and, therefore, Quick Fitting is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

## COUNT III: INFRINGEMENT OF THE '134 PATENT

81.     Quick Fitting repeats and realleges paragraphs 1 through 80 hereof, as if fully set forth herein.

82.     Essen Tech has been and is infringing the '134 Patent, literally or under the Doctrine of Equivalents, by selling, or offering for sale in the United States, or importing into the United States, including within this District, the Accused Products, in violation of 35 U.S.C. § 271(a).

83.     At all relevant times, Essen Tech had actual and/or constructive knowledge of the '134 Patent.

84.     As illustrated in the cut-away photographs above, Essen Tech's Accused Products infringe at least claim 1 of the '134 Patent. Claim 1 is directed to:

> A pipe fitting assembly, comprising:
>
> a housing divider element;
>
> a fitting having an inner wall defining a cavity for receiving a piping element, the fitting inner wall and the housing divider element defining first and second radial housing elements;
>
> at least one sealing ring maintained within the first radial housing element and cooperatively engaging the housing divider element;
>
> a sealing ring stabilizer element maintained within the first radial housing element axially inwardly of, and cooperatively engaging, the at least one sealing ring, wherein the sealing ring stabilizer element includes a curved sealing ring engaging surface; and

a fastening ring having a plurality of teeth angled inwardly from and along the circumference of the ring, the fastening ring maintained within the second radial housing element.

85.     The Accused Products each constitute a pipe fitting assembly that includes a fitting having an inner wall defining a cavity for receiving a piping element. The fitting inner wall and a housing divider element define first and second radial housing elements.

86.     The Accused Products also include at least one sealing ring maintained within the first radial housing element. The at least one sealing ring cooperatively engages the housing divider element.

87.     The Accused Products also include a sealing ring stabilizer element, which is maintained within the first radial housing element axially inwardly of, and cooperatively engaging, the at least one sealing ring. The sealing ring stabilizer element also includes a curved sealing ring engaging surface.

88.     The Accused Products also include a fastening ring having a plurality of teeth angled inwardly from and along the circumference of the ring, the fastening ring maintained within the second radial housing element.

89.     The Accused Products also infringe additional claims of the '134 Patent.

90.     Upon information and belief, Essen Tech has been and is inducing infringement of the '134 Patent by actively and knowingly inducing others sell, offer for sale, or import the Accused Products, in violation of 35 U.S.C. § 271(b). More specifically, Essen Tech actively encouraged the infringement by at least its distributors RectorSeal and Parker Hannifin, knowing that the acts they induced constituted patent infringement, and Essen Tech's acts actually resulted in direct patent infringement.

91.     Essen Tech has also been and is infringing the '134 Patent, literally or under the Doctrine of Equivalents, by importing into the United States and/or selling or causing to be sold

within the United States the Accused Products, which are made by a process patented in the United States, in violation of 35 U.S.C. § 271(g).

92.     The Accused Products are manufactured by Essen Tech using the steps of the method of at least claim 12 of the '134 Patent. Claim 12 of the '134 Patent is directed to:

A method for assembling a pipe joint assembly, comprising the steps of:

providing a housing divider element;

providing a fitting having an inner wall defining a cavity for receiving a piping element, the fitting inner wall and the housing divider element defining first and second radial housing elements;

inserting a sealing ring stabilizer element into the first radial housing element, wherein the sealing ring stabilizer element includes a curved sealing ring engaging surface;

inserting at least one sealing ring into the first radial housing element such that the at least one sealing ring cooperatively engages the housing divider element and the sealing ring stabilizer element; and

inserting a fastening ring into the second radial housing element.

93.     To manufacture the Accused Products, as illustrated for example in the photographs included hereinabove, Essen Tech must provide a housing divider element and a fitting having an inner wall defining a cavity for receiving a piping element. The fitting inner wall and the housing divider element define first and second radial housing elements.

94.     Essen Tech then inserts a sealing ring stabilizer element into the first radial housing element. The sealing ring stabilizer element includes a curved sealing ring engaging surface.

95.     Essen Tech must then insert at least one sealing ring in to the first radial housing element such that the at least one sealing ring cooperatively engages the housing divider element and the sealing ring stabilizer element.

96.     Essen Tech then inserts a fasting ring into the second radial housing element.

97.     Essen Tech's infringement has been, and continues to be knowing, intentional, and willful.

98.     Essen Tech's acts of infringement of the '134 Patent have caused and will continue to cause Quick Fitting damages for which Quick Fitting is entitled to compensation pursuant to 35 U.S.C. § 284.

99.     Essen Tech's acts of infringement of the '134 Patent have caused and will continue to cause Quick Fitting immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Quick Fitting has no adequate remedy at law.

100.    This case is exceptional and, therefore, Quick Fitting is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

101.    Quick Fitting demands a trial by jury on all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Quick Fitting requests judgment against Essen Tech as follows:

A.      Adjudging that Essen Tech has infringed and/or actively induced infringement of one or more of the Asserted Patents, in violation of one or more sub-sections of 35 U.S.C. § 271;

B.      Granting an injunction permanently enjoining Essen Tech, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, directly or indirectly, the Asserted Patents;

C.    Ordering Essen Tech to account and pay damages adequate to compensate Quick Fitting for Essen Tech's infringement of the Asserted Patents, including pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

D.    Ordering an accounting for any infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales.

E.    Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

F.    Declaring this case exceptional and awarding Quick Fitting its reasonable attorney fees, pursuant to 35 U.S.C. § 285;

G.    Costs and expenses in this action; and

H.    Awarding such other and further relief as this Court deems just and proper.

Dated: April 1, 2021                    Respectfully submitted,

                                         _/s/ David N. Deaconson_
                                        David N. Deaconson
                                        Texas Card Bar #05673400
                                        **Pakis, Giotes, Page & Burleson, P.C.**
                                        P.O. Box 58
                                        Waco, TX  76703-0058
                                        (254) 297-7300 Phone
                                        (254) 297-7301 Facsimile
                                        deaconson@pakislaw.com

                                        Robert C. Van Arnam
                                        N.C. State Bar No. 28838
                                        (Pro Hac Pending)
                                        Andrew R. Shores
                                        N.C. State Bar No. 46600
                                        (Pro Hac Pending)
                                        301 Fayetteville Street, Suite 1700
                                        Raleigh, NC 27601
                                        P.O. Box 1000
                                        Raleigh, NC 27602
                                        Telephone: 919-981-4000
                                        Facsimile 919-981-4300
                                        rvanarnam@williamsmullen.com
                                        ashores@williamsmullen.com

                                        *Counsel for Plaintiff Quick Fitting Holding
                                        Company, LLC*